NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
DEWELL POINDEXTER,            :
                              :  Civil Action No. 13-3047 (RMB)
            Petitioner,       :
                              :
        v.                    :
                              :
J.T. SHARTELL et al.,         :
                              :
            Respondents.      :
_____:
                              :
DEWELL POINDEXTER,            :
                              :  Civil Action No. 13-7167 (RMB)
            Petitioner,       :
                              :
        v.                    :
                              :
J.T. SHARTELL et al.,         :  **MEMORANDUM OPINION AND ORDER**
                              :  **APPLIES TO BOTH ACTIONS**
            Respondents.      :
_____:

These two matters are before the Court upon Petitioner's filing made in Poindexter v. Shartel, Civil Action No. 13-7167 (RMB) ("Poindexter-II," filed Nov. 26, 2013), a § 2241 action. Prior to commencing Poindexter-II, Petitioner commenced another § 2241 action identical to Poindexter-II. See Poindexter v. Shartel, Civil Action No. 13-3047 (RMB) ("Poindexter-I," filed May 13, 2013). The petitions filed in Poindexter-I and Poindexter-II offered this Court merely a handful of bold conclusions indicating Petitioner's interest in having the Bureau of Prisons ("BOP") credit his federal sentence with a certain period related to his long-expired Pennsylvania state term.

Neither one of these two petitions clarified the exact period Petitioner was seeking to credit, the legal basis for such credit or the factual predicate underlying his claim. Correspondingly, this Court directed him to amend his Poindexter-I petition and terminated Poindexter-II as duplicative. In response, Petitioner made a filing in the terminated Poindexter-II matter stating his displeasure with denial of parole during his expired Pennsylvania state sentence.[1] See Poindexter-II, Docket Entry No. 6. In light of Petitioner's filing, this Court examined his BOP records and determined that Petitioner was released from federal custody on May 13, 2014. See http://www.bop.gov/inmateloc. Since Petitioner's release from federal confinement mooted his § 2241 challenges based on the BOP execution of his federal sentence, his Poindexter-I and Poindexter-II actions will be closed.[2]

IT IS, therefore, on this **12th** day of **June 2014**,

---

[1] Nothing was filed in Poindexter-I.

[2] Federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Burkey, 556 F.3d at 147. If developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. See id. at 147-48; see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

**ORDERED** that the Clerk shall reopen both above-captioned matters by making a new and separate entry on the docket of each mater reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's filing docketed as Docket Entry No. 6 in Poindexter v. Shartel, Civil Action No. 13-7167, is construed as a submission intended for filing in Poindexter v. Shartel, Civil Action No. 13-3047; and it is further

**ORDERED** that the Clerk shall docket Petitioner's submission (docketed as Docket Entry No. 6 in Poindexter v. Shartel, Civil Action No. 13-7167) in Poindexter v. Shartel, Civil Action No. 13-3047, accompanying it with the docket text reading, "PETITIONER'S SECOND AMENDED PETITION"; and it is further

**ORDERED** that Petitioner's second amended petition in Poindexter v. Shartel, Civil Action No. 13-3047, is: (a) dismissed under Habeas Rule 2(e), as a new and separate claim improperly filed in that matter; or, alternatively (b) denied for lack of jurisdiction, being a coram nobis application challenging his expired Pennsylvania sentence, see Goodman v. United States, 140 F. App'x 436 (3d Cir. 2005) ("Only the court that handed down the judgment of conviction . . . may entertain . . . a [coram nobis] petition"); and it is further

**ORDERED** that Petitioner's § 2241 challenges in Poindexter v. Shartel, Civil Action No. 13-3047, is dismissed as moot; and it is further

**ORDERED** that the Clerk shall close the file on both above-captioned matters by making a new and separate entry on the docket of each matter reading, "CIVIL CASE CLOSED.  THIS COURT WITHDRAWS ITS JURISDICTION OVER THIS MATTER.  NO FURTHER FILINGS SHALL BE MADE IN THIS MATTER"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner directing its mailing to Petitioner's civilian address provided in <u>Poindexter v. Shartel</u>, Civil Action No. 13-7167, Docket Entry No. 6, at 10, without accompanying that address by Petitioner's former BOP Register Number.

    s/Renée Marie Bumb
    **RENÉE MARIE BUMB**
    **United States District Judge**